[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 2031
The plaintiff Leann VanNess and the defendant Stephen VanNess were divorced on May 26, 1994. The plaintiff was a teacher who did not work during the summer months. The defendant was a salesman. The dissolution decree incorporated an agreement of the parties that during the school year, in lieu of a payment to the plaintiff of child support, the defendant would pay $75 per week to the child's daycare provider. This was a deviation from the child support guidelines based on the "parenting schedule and contributions to child's needs."[1]
The defendant has now moved to modify the child support order based on the fact that most daycare for the child is no longer needed. As part of the discovery in preparation for a hearing on the motion to modify, the plaintiff has noticed the deposition of Brian Cassidy, who is the current husband of the plaintiff. A motion for a protective order has been filed seeking to bar such discovery on the grounds that it will not likely yield admissible evidence for trial, because the income of the new spouse is not part of the child support guideline computation, nor is it grounds for a deviation from the computation.
The plaintiff claims that since there was originally a deviation from the child support guidelines, either the guidelines are inapplicable in this case or the plaintiff is entitled to discover whether other deviation grounds may exist.
First, it is clear that the guidelines apply. Reg. Conn. St. Ag. § 46b-215a-2 (a) provides that all child support awards are governed by the guidelines. The Schedule of Basic Child Support Payments is the presumptive level, unless the presumption is rebutted by a finding that one or more of the criteria in § 46b-215a-3 (b) applies. However none of the deviation criteria allow the imputation of a stepparent's income into the child support formula. Nor does such a second income fit, in this circumstance, into the definition of "[o]ther financial resources available to a parent." Section 46b-215a-3
(b)(1).
In explaining how to arrive at a gross income determination under the Guidelines, the preamble to the regulations makes it clear that income from a subsequent spouse is not to be considered as available for support. Preamble to Child Support Guidelines, Par. CT Page 2032 (f)(1)(F).
Accordingly the defendant's motion for protective order is granted.
Pittman, J.